IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| James B. Heron, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| CollectionCenter, Inc., a Wyoming corporation, d/b/a CollectionCenter Wyoming, | ) ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff James B. Heron, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.   Plaintiff, James B. Heron ("Heron"), is a citizen of the State of Illinois, residing in the Central District of Illinois, from whom Defendant attempted to collect delinquent consumer debts allegedly owed to Dr. Wayne Couch II ("Couch"), and Carbon County Clinic.

4.      Defendant, CollectionCenter, Inc., d/b/a CollectionCenter Wyoming ("CollectionCenter"), is a Wyoming corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Central District of Illinois, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Heron.

## FACTUAL ALLEGATIONS

5.      Plaintiff, James Heron, and his wife, Laurie Heron formerly resided in Rawlins, Wyoming. When they resided in Wyoming, the Herons received medical services from Dr. Couch, which medical services were paid mostly by the Herons' insurance provider; any portion not paid by their insurance was always paid on the date of the office visit by the Herons. The Herons never received a statement from Dr. Couch that any amount was past due for medical services.

6.      Mrs. Heron also received a portion of her prenatal medical care at the Carbon County Clinic in 2003, which medical services were paid in full by the Herons and their insurance. However, when Mrs. Heron was transferred to a new doctor for the remainder of her prenatal care, Carbon County Clinic continued to charge her for medical services she never received.

7.      Nonetheless, in early 2005, the Herons were served with a small claims lawsuit filed against them by Defendant CollectionCenter on January 18, 2005, in a matter styled: <u>CollectionCenter Wyoming v. James Bradley Heron and Laurie Heron</u>, Civil Action No. CV-2005-57-COD (Park County, Wyoming), seeking a judgment against the Herons in the amount of $440.14. Defendant CollectionCenter's complaint, which

2

was their first communication to the Herons, included two counts for medical debts allegedly owed to Dr. Couch, for $273.55, and to Carbon County Clinic, for $106.59, respectively. A copy of the complaint is attached as Exhibit A.

8. The Herons successfully disputed owing both the debt to Dr. Couch and the debt to Carbon County Clinic, and defended CollectionCenter's claims pertaining to these debts. Accordingly, CollectionCenter's first claim against the Herons regarding the alleged debt to Dr. Couch was dismissed with prejudice on July 14, 2005, and CollectionCenter's second claim against the Herons regarding the alleged debt to Carbon County Clinic, was dismissed on the merits, on July 20, 2005. Copies of the orders are attached as Exhibits B and C.

9. In January 2006, the Herons moved to Charleston, Illinois.

10. Despite the dismissal of the claims related to the debts allegedly owed to Dr. Couch and Carbon County Clinic, Defendant CollectionCenter, via letters dated January 26, 2006 and February 1, 2006, continued to attempt to collect both debts from Mr. Heron. Copies of these letters are attached as Exhibits D and E and F.

11. All of Defendant's letters (Ex.'s D, E and F) stated in pertinent part:

> "You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to pay your credit obligations."

12. Moreover, Defendant CollectionCenter reported both accounts at issue – an account in collection for $105 as of February 2006, owed to Dr. Couch, and an account in collection for $242 as of February 2006, owed to Carbon County Clinic – on Mr. Heron's credit report. A portion of Mr. Heron's Experian credit report pulled in February 2006 is attached as Exhibit G.

13.   All of Defendant CollectionCenter's collection actions at issue in this matter occurred within one year of the date of this Complaint and are to be interpreted under the "unsophisticated consumer" standard. See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violations Of § 1692e Of The FDCPA –
### Making False, Deceptive Or Misleading Representations

14.   Plaintiff adopts and realleges ¶¶ 1-13.

15.   Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

16.   Demanding payment of debts that are no longer owed due to previous adjudication on the merits of claims regarding said debts, is deceptive and misleading, in violation of § 1692e(2)(A) of the FDCPA. See, Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004). Moreover, Defendant's continued attempts to collect debts that Plaintiff Heron had successfully disputed in prior litigation and for which Defendant could not provide any new validating information since its unsuccessful lawsuit against Plaintiff, constitutes deceptive and misleading collection actions pursuant to § 1692e of the FDCPA.

17.   Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violations Of § 1692e(8) Of The FDCPA –
### Reporting False Information To Credit Reporting Agencies

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692e of the FDCPA also prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see, 15 U.S.C. § 1692e(8).

20. Threatening, in its form collection letters that "a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to pay your credit obligations," when, in fact, Defendant knew or should have known, based on its previously unsuccessful litigation against Plaintiff Heron that such action would constitute reporting false information, and thereafter communicating such information to a credit reporting agency, is false, deceptive or misleading in violation of § 1692e of the FDCPA.

21. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violations Of § 1692f Of The FDCPA –
### Unfair Or Unconscionable Collection Practices

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, see, 15 U.S.C. § 1692f. Defendant, by continually attempting to collect debts for which it previously sued Mr. and Mrs. Heron and which claims were dismissed with prejudice, used unfair

and unconscionable means to attempt to collect the debts from Mr. Heron, in violation of § 1692f of the FDCPA.

24.    Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, James B. Heron, prays that this Court:

1.    Declare that Defendant's debt collection practices violate the FDCPA;

2.    Enter judgment in favor of James B. Heron, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, James B. Heron, demands trial by jury.

James B. Heron,

By: _____
One of Plaintiff's Attorneys

Dated:  August 3, 2006

David J. Philipps
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

6

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT
OF AND FOR POWELL, PARK    COUNTY, WYOMING

COLLECTIONCENTER WYOMING,

    Plaintiff,

vs

JAMES BRADLEY HERON
LAURIE HERON
    Defendants.

Civil Action No. CV-2005-57-CQJ

FILED
JAN 18 2005
CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
Peggy L. Mahon, Clerk
By _____ Deputy

COMPLAINT

COMES NOW the above named Plaintiff, by and through its attorney, and for cause of action against the above named Defendant, alleges and states;

1. Plaintiff is a resident of the City of Rawlins, County of Carbon,

2. Defendants reside in the City of POWELL County of POWELL, PARK, State of Wyoming and venue properly arises therein.

3. That the Defendants are indebted to the following creditors in the mounts as hereinafter described which accounts have been duly assigned to Plaintiff for collection.

|  | PRINCIPAL | INTEREST |
|---|---|---|
| COUCH, WAYNE, II, MD. | $242.44 | $31.11 |
| CARBON COUNTY CLINIC | $105.00 | $ 1.59 |

WHEREFORE, Plaintiff demands Judgment against the Defendant in the amount of $440.14, which includes Court costs of $30.00, cost of serving Complaint $30.00, for pre-judgment and post-judgment interest as prescribed by statute and for such other and further relief as the Court may deem proper in the premises.

Robert A. Monteith
Gerald K. Russell
P.O. Box 1470
Rawlins WY 82301
(307) 324-6625 or 1-800-364-9901

G /23569


EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT

OF AND FOR POWELL, PARK COUNTY, WYOMING

COLLECTIONCENTER WYOMING,
    Plaintiff,

vs

JAMES BRADLEY HERON
LAURIE HERON,

    Defendant.

Civil Action No.
CV-2005-57-COD

FILED JUL 14 2005
CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
Peggy L. Heston, Clerk
BY KONNIE HAMAN

REQUEST FOR AND ORDER OF DISMISSAL

COMES NOW CollectionCenter Wyoming, Plaintiff in the above entitled cause, and requests the Clerk of this Court to dismiss WITH prejudice as to the account of COUCH, WAYNE, II, MD. , only.

DATED: JUL 07, 2005

                                Attorney for Plaintiff
                                P.O. Box 1470
                                Rawlins, WY 82301
                                307-324-6625

ORDER OF DISMISSAL

Upon the written request of the Plaintiff herein, this is hereby dismissed WITH prejudice as to the account of COUCH, WAYNE, II, MD. only.

DATED this _____ day of JUL 14 2005 , 20_____.

                                ORIGINAL SIGNED BY
                                BRUCE B. WATERS
                                CIRCUIT COURT JUDGE
                                Judge

JUL 07, 2005

EXHIBIT B

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT
OF AND FOR POWELL, PARK COUNTY, WYOMING

COLLECTION CENTER WYOMING
Plaintiff,

vs.

JAMES BRADLEY HERON
LAURIE HERON
Defendants.

Civil Action No.
CV-2005-57-COD

FILED
JUL 20 2005
CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
Peggy L. Weston, Clerk

## ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE

This action is dismissed for failure to prosecute, pursuant to Rule 14 of the Wyoming Rules of Civil Procedure. This order operates as an adjudication upon the merits of this action, and Plaintiff is barred from the right to bring or maintain another action on the same claim or cause against Defendants.

IT IS SO ORDERED.

Dated: July 20, 2011

BRUCE WATERS
CIRCUIT COURT JUDGE

Copies To:

Laurie Heron

*Defendant, Pro Se*

Robert Monteith
PO Box 1470
Rawlins, WY 82301
307.324.6625

*Attorney for Plaintiff*

EXHIBIT C

Approved by telephone by Mr. Monteith /BW

P.O. Box 4000
Rawlins, Wyoming 82301



Return Service Requested
PERSONAL & CONFIDENTIAL

January 26, 2006



COLLECTIONCENTER, INC.
P.O. Box 4000
Rawlins, WY 82301
(800) 442-2574 Ext 143

Re: COUCH, WAYNE, II, MD.
For: JAMES
Client ID:
Acct#:
Pin #:

JAMES BRADLEY HERON

, IL

TOTAL DUE: $    291.73

### IF YOU PAY IN FULL, ALL COLLECTION ACTIVITY WILL STOP

**WOULD YOU LIKE TO PAY YOUR PAST DUE ACCOUNT?**
You can call our computer and
make arrangements electronically right from your phone.
**CALL 1-888-235-0803**

You may also pay by returning this letter
with your **credit card information, check, or money order.**

"You are hereby notified that a negative credit report reflecting on your credit record
may be submitted to a credit reporting agency if you fail to pay your credit obligations."

SEE REVERSE FOR IMPORTANT NOTICE.

Send this portion of the notice back with your payment to be sure of proper credit.
Please use reverse side to update your information.

(____) Enclosed is payment in full.
(____) Enclosed is my VISA, MASTERCARD, or AMERICAN EXPRESS number (circle one).

Name on Card: _____    Card #: _____

Amount to Charge on Card: $ _____    Expiration Date: _____ / _____

Signature: _____    Phone: _____

Acct#:
CollectionCenter
Payment Processing Center
P.O. Box 4000
Rawlins WY 82301

JAMES BRADLEY HERON



EXHIBIT
D

P.O. Box 4000
Rawlins, Wyoming 82301

Return Service Requested
PERSONAL & CONFIDENTIAL



February 1, 2006



COLLECTIONCENTER,INC.
P.O. Box 4000
Rawlins, WY 82301
(800) 442-2574 Ext 143

Re: COUCH, WAYNE, II, MD.
For: JAMES

PRINCIPAL:    242.44
INTEREST:      49.56
COLL. COST:     0.00
ACCUM. INT.:    0.00
AMOUNT DUE: $ 292.00

JAMES BRADLEY HERON

, IL

# NOTICE

Federal law requires that we inform you that this is an attempt to
collect a debt, any information obtained
will be used for that purpose.

If paid in full to this office, all collection activity will be stopped. CALL US - - to work out a solution.

## WE CANNOT HELP YOU UNLESS YOU CALL

### Phone: 1-800-442-2574 ext 143

"You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to pay your credit obligations."

---

***Detach and return this portion of this notice with your payment***
Please use reverse side to update your information.

(___) Enclosed is payment in full.

(___) Enclosed is my VISA, MASTERCARD, or AMERICAN EXPRESS number (circle one)

Name on Card:_____

Card #:_____   Amount to Charge on Card:$_____

Expiration Date:_____/_____  Signature:_____

ACCT#:_____                                Phone:_____

COLLECTION CENTER                               JAMES BRADLEY HERON
PAYMENT PROCESSING CENTER                       _____, IL _____
P.O. BOX 4000                                   Amount Due: $ 292.00
RAWLINS, WY 82301

EXHIBIT E

JL2P.CCC00

P.O. Box 4000
Rawlins, Wyoming 82301

Return Service Requested
PERSONAL & CONFIDENTIAL

January 26, 2006



COLLECTIONCENTER, INC.
P.O. Box 4000
Rawlins, WY 82301
(800) 442-2574 Ext 143

Re: CARBON COUNTY CLINIC
For: JAMES
Client ID:
Acct#:
Pin #:

JAMES BRADLEY HERON

IL

TOTAL DUE: $  114.42

**IF YOU PAY IN FULL, ALL COLLECTION ACTIVITY WILL STOP**

---

**WOULD YOU LIKE TO PAY YOUR PAST DUE ACCOUNT?**
You can call our computer and
make arrangements electronically right from your phone.
**CALL 1-888-235-0803**

---

You may also pay by returning this letter
with your **credit card information, check, or money order**.

---

"You are hereby notified that a negative credit report reflecting on your credit record
may be submitted to a credit reporting agency if you fail to pay your credit obligations."

SEE REVERSE FOR IMPORTANT NOTICE
..................................................................................................................
Send this portion of the notice back with your payment to be sure of proper credit.
Please use reverse side to update your information.

( ) Enclosed is payment in full.
( ) Enclosed is my VISA, MASTERCARD, or AMERICAN EXPRESS number (circle one).

Name on Card: _____    Card #: _____

Amount to Charge on Card: $ _____    Expiration Date: ____ / ____

Signature: _____    Phone: _____

JAMES BRADLEY HERON

Acct#: 01512760
CollectionCenter
Payment Processing Center
P.O. Box 4000
Rawlins WY 82301

**EXHIBIT F**

🕲 **This item is currently being investigated.**
**COLLECTION CENTER OF WYO**
Account Number: ▉▉▉▉▉▉▉▉▉▉
DateOpened: 10/2004
Status: Collection account.

Item Detail

COLLECTION CENTER OF WYO

Address:                    Account Number:           Original Creditor:
406 6TH ST                  ▉▉▉▉▉▉▉▉▉▉                CARBON COUNTY CLINIC



EXHIBIT
G

RAWLINS, WY 82301
*No phone number available*

Status:
Collection account. $105 past due as of Feb 2006.

| | | |
|---|---|---|
| Date Opened:<br>10/2004 | Type:<br>Collection | Credit Limit:<br>$105 |
| Date of Status:<br>12/2004 | Terms:<br>1 Months | High Balance:<br>NA |
| Reported Since:<br>12/2004 | Monthly Payment:<br>$0 | Recent Balance:<br>$105 |
| Last Reported Date:<br>02/2006 | Responsibility:<br>Individual | Recent Payment:<br>$0 |

Account History:
Collection as of Feb 2006, Jan 2005, Dec 2004

**🌐 This item is currently being investigated.**
**COLLECTION CENTER OF WYO**
Account Number: ▆▆▆▆▆▆▆
DateOpened: 03/2003
Status: Collection account.

Item Detail

COLLECTION CENTER OF WYO

| | | |
|---|---|---|
| Address:<br>406 6TH ST<br>RAWLINS, WY 82301<br>*No phone number available* | Account Number:<br>▆▆▆▆▆▆▆ | Original Creditor:<br>COUCH WAYNE II MD. |

Status:
Collection account. $242 past due as of Feb 2006.

| | | |
|---|---|---|
| Date Opened:<br>03/2003 | Type:<br>Collection | Credit Limit:<br>$242 |
| Date of Status:<br>05/2003 | Terms:<br>1 Months | High Balance:<br>NA |

| | | |
|---|---|---|
| Reported Since:<br>05/2003 | Monthly Payment:<br>$0 | Recent Balance:<br>$242 |
| Last Reported Date:<br>02/2006 | Responsibility:<br>Individual | Recent Payment:<br>$0 |

Your Statement:
NA

Account History:
Collection as of Feb 2006, Jan 2005, Oct 2004, May 2003

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### (a) PLAINTIFFS
James B. Heron,

### DEFENDANTS
Collection Center, Inc., a Wyoming corporation, d/b/a Collection Center of Wyoming,

**(b)** County of Residence of First Listed Plaintiff: **Coles**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gomolinski & Philipps, Ltd.
9760 South Roberts Road, Suite One
Palos Hills, Illinois 60465  (708) 974-2900

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (excl. vet.)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Inj.

PERSONAL INJURY
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury— Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Security/Commodity/Exch.
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [x] 890 Other Statutory Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 ADA—Employment
- [ ] 446 ADA — Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

Fair Debt Collection Practices Act; 15 U.S.C. Section 1692 et seq.

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

## VIII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ Damages, attorneys' fees & costs
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

### IX. This case
- [x] is not a refiling of a previously dismissed action.
- [ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE: 8/3/06
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*